IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIDA CASTILLO AND AMANDA FORD, § § § | |
| Plaintiffs, § § | Case No. 5:21-cv-233 |
| v. § § | |
| NORTHSIDE AMERICAN FEDERATION OF TEACHERS, § § § § | |
| Defendant. § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Elida Castillo and Amanda Ford bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, they respectfully show as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Plaintiffs in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay Plaintiffs at time-and-one-half

their regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendant had full knowledge that Plaintiffs consistently worked over forty hours per week.

## II. PARTIES

3. Elida Castillo is an individual that resides in San Patricio County, Texas. Castillo began working for Defendant as an organizer on August 14, 2018 and her employment ended on February 8, 2021.

4. Amanda Ford is an individual that resides in Bexar County, Texas. Ford began working for Defendant as an organizer in August 2018 and her employment ended on February 24, 2021.

5. Plaintiffs were both non-exempt employees who were entitled to overtime premiums for all hours worked over forty per workweek.

6. Northside American Federation of Teachers is a labor union located in San Antonio, Texas that employed Plaintiffs.

7. Northside American Federation of Teachers may be served with process by serving its President, Wanda Longoria, at 6502 Bandera Road, Suite 202, San Antonio, Texas 78238.

8. At all times relevant to this claim, Northside American Federation of Teachers was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. Venue is proper in this district and division as Defendant's primary business address is San Antonio, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil

action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

11. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

12. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiffs were both individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

16. As organizers, Plaintiffs handled items such as telephones, computers, copiers and iPads as well as other equipment that has been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

17. Defendant operates a labor union in San Antonio, Texas, and represents all non-administrative certified and classified public school employees in the State of Texas.  Plaintiffs were employed by Defendant as organizers.

18. Throughout their employment, Defendant paid Plaintiffs a salary.

19. During all times relevant to this action, Plaintiff Castillo was a non-exempt employee.

20. During all times relevant to this action, Plaintiff Ford was a non-exempt employee.

21. Plaintiffs' primary job duty consisted of recruiting teachers to join the Northside American Federation of Teachers.

22. Plaintiffs' primary job duty was not the performance of work directly related to Defendant's management or general business operations, or those of its customers.

23. Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

25. Plaintiffs routinely worked long hours and consistently worked more than forty hours per week. Typically, Plaintiffs worked approximately 55 hours per week.

26. Defendant never paid Plaintiffs any overtime premiums for any hours worked over forty per week even though Plaintiffs consistently worked more than forty hours per week.

27. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs.  In fact, Plaintiffs complained about

Defendant's failure to pay them overtime premiums on a number of occasions, but these complaints were simply ignored by Defendant.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

29. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Plaintiffs for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rate for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiffs Elida Castillo and Amanda Ford pray for judgment against Defendant Northside American Federation of Teachers, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs ;

b. For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiffs attorneys' fees;

d. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**